# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| HAXANS WALDELL PALMER,[1] #18051523, Petitioner, vs. MARIAN BROWN, Sheriff, Respondent. | No. 3:19-CV-2994-E (BH) Referred to U.S. Magistrate Judge[2] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant findings and applicable law, this habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

## I. BACKGROUND

**A.   Procedural History**

On December 17, 2019, a "Motion for Declaratory Judgement and Injunctive Relief" was received from Haxans Waldell Palmer (Petitioner), an inmate in the Dallas County Jail. (*See* doc. 3.) By order dated December 17, 2019, it was noted that he appeared to challenge his pretrial detention, that this type of challenge is typically filed under 28 U.S.C. § 2241, and that he had not filed his challenge on the appropriate form for a § 2241 action. (*See* doc. 5.) A standard § 2241 form was sent to him. (*See id.*)

Petitioner's amended § 2241, received on January 22, 2020, specifically made reference to "pretrial detention," but it also clarified that he was challenging a conviction and sentence. (*See* doc. 8 at 2.) Petitioner also submitted a petition for writ of habeas corpus on the standard form for

---

[1] The federal petitions show Petitioner's first name as Haxan*s*, but the state and county filings show it as Haxan.   http://www.search.txcourts.gov/ (last visited Feb. 7, 2020); http://www.courtecom.dallascounty.org (last visited Feb. 7, 2020).

[2] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

petitions for writ of habeas corpus under 28 U.S.C. § 2254, which raised the very same claims asserted in his amended § 2241 petition. (*See* doc. 13 at 5-10.)[3] According to both petitions, he was convicted of compelling prostitution of a child and trafficking of persons less than 18 for prostitution in Cause Nos. F1858280 and F1858281 in the 283rd Judicial District in Dallas, Texas, on October 4, 2019, and sentenced to seven years in each case. (*See* doc. 8 at 3; doc. 13 at 1); *see also* http://www.courtecom.dallascounty.org (last visited Mar. 24, 2020). He filed a notice of appeal in Cause No. F1858280 on December 3, 2019. *See id.*

On February 5, 2020, while his direct appeal was pending (and after he had filed this federal habeas case), Petitioner filed a state application for writ of habeas corpus in both of his cases. *See* http://www.search.txcourts.gov (last visited Mar. 27, 2020). On March 11, 2020, Petitioner's state habeas application in Cause No. F1858280 was dismissed because his direct appeal was pending, and his state habeas application in Cause No. F1858281 was denied without a written order. *Id.* Also on that day, his direct appeal in Cause No. F1858280 was dismissed for want of jurisdiction. *See* http://www.courtecom.dallascounty.org (last visited Mar. 24, 2020). Petitioner did not file a petition for discretionary review (PDR) in the Court of Criminal Appeals in either case. *See* http://www.search.txcourts.gov (last visited Mar. 27, 2020).

B.  **Substantive Claims**

Both habeas petitions assert the following grounds for relief:

(1) the trial court lacked subject-matter jurisdiction, and he did not otherwise consent to subject-matter jurisdiction;

(2) the trial court lacked personal jurisdiction, and he did not otherwise consent to personal jurisdiction;

---

[3]Because the claims in the amended § 2241 form are virtually identical to the claims set forth in his § 2254 form, a separate habeas action was not opened.

 (3) his trial counsel provided ineffective assistance of counsel; and

 (4) the State of Texas is merely a corporate fiction.

(*See* doc. 8 at 5-6; doc. 13 at 5-10.) In both petitions, Petitioner seeks to have his convictions overturned and dismissed, and immediate release from confinement. (*See* doc. 8 at 7; doc. 13 at 15.)

## II. NATURE OF SUIT

Because he seeks relief in federal court from the fact or duration of confinement, Petitioner's claims are cognizable only as an action for a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). His initial filing appeared to show that he was a pretrial detainee, so it was construed as a § 2241 petition, and his amended § 2241 form also made reference to pretrial detention. (*See* doc. 3; doc. 8 at 2.) His claims in both his amended § 2241 and § 2254 petitions attack the validity of his convictions in Cause Nos. F1858280 and F1858281, however, and he seeks immediate release from confinement. (*See* doc. 8 at 7; doc. 13 at 15.)[4] Challenges to state convictions are governed by § 2254, so Petitioner's claims are properly construed as arising under 28 U.S.C. § 2254.

## III. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir.1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a PDR or an application for writ

---

[4]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir.1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters*, 985 F.2d at 795.

     A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir.1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

     Here, Petitioner filed a state habeas application in the Court of Criminal Appeals in Cause No. F1858280 on February 5, 2020, but it was not properly filed because his direct appeal of that case was pending at the time his state habeas application was filed. *See Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir. 2004) (finding that the state habeas application was not properly filed where it was filed before the judgment was final). When a state habeas application is not properly filed, it cannot be used to exhaust claims in a federal habeas petition because they have not been fairly presented to the highest state court. *See Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (recognizing that because the highest court "was denied a fair opportunity to consider [the federal petitioner's] claim [ ] [he] filed his state habeas petition improperly; his claim therefore remains unexhausted."); *see also Williams v. Davis*, No. 3:15-CV-331-M(BH), 2017 WL 1155855, at *4 (N.D. Tex. Feb. 13, 2017); *McClure v. Thaler*, No. SA-10-CA-043-XR, 2010 WL 373866, at *2 (W.D. Tex. Feb. 2, 2010). Petitioner's federal petition is therefore unexhausted with respect to his claims relating to Cause No. F1858280.

4

Petitioner also filed a state habeas application in the Court of Criminal Appeals in Cause No. F1858281 on February 5, 2020, so his claims relating to that case were not exhausted when his federal petition was filed in December 2019. A state prisoner must exhaust his state remedies before filing a § 2254 petition in federal court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.") (internal quotation marks omitted); *Parr v. Quarterman*, 472 F.3d 245, 252 (5th Cir. 2006) ("A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court prior to requesting federal collateral relief.") (citing *Smith v. Dretke*, 422 F.3d 269, 275 (5th Cir. 2005)); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) ("A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting collateral relief."). Because his state habeas application in Cause No. F1858281 was denied without a written order on March 11, 2020, his claims relating to that case are now exhausted.

A petition that consists of both exhausted and unexhausted claims is a "mixed petition." *See Rhines v. Weber*, 544 U.S. 269, 273 (2005). A "mixed petition" should be dismissed without prejudice. *See id.* at 274 ("[W]e imposed a requirement of 'total exhaustion' and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance."); *Rose*, 455 U.S. at 522 (requiring "total exhaustion" of claims in state courts). Because Petitioner's federal petition now consists of exhausted and unexhausted claims, it should be dismissed without prejudice to allow him to return to state court and present his unexhausted claims.

## IV. RECOMMENDATION

The petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SO RECOMMENDED** this 22nd day of April, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE